# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

DLL FINANCE, LLC                                                                                               PLAINTIFF

VS.                                                                  CAUSE NO.: 3:18-cv-173-NBB-JMV

FRED ZEPPONI                                                                                       DEFENDANT

## ORDER

This matter is before the Court upon motion of Defendant for leave to serve a summons and third-party complaint on Charles Schindler, II, Delta Southern Chemical Co. ("DSCC"), and Southern Gulf Coast Fuel, LLC ("SGCF"), joining them as third-party Defendants. It appearing that the third-party Defendants may be liable to Defendant for all or part of Plaintiff's claim asserted against Defendant in the complaint, the court finds that the motion is well taken and should be GRANTED.

*Background*

Defendant Fred Zepponi entered into a lease-purchase agreement with Charles Schindler on behalf of DSCC for a Hardi Presido agricultural sprayer ("original sprayer"). The lease was thereafter assigned to the plaintiff, DLL Finance, LLC. Zepponi and Schindler later agreed that Schindler would take possession of the original sprayer and a Deutz tractor, pay off the leases attached to the original sprayer and the Deutz tractor, and utilize the equity in the machines as a down payment on a new sprayer. *Id.* Zepponi handed over the two pieces of equipment but never received the new sprayer, and the lease agreements were never paid off. Therefore, Zepponi was left with two unpaid lease agreements, no equipment[1], and the current suit on the indebtedness.

---

[1] Zepponi alleges in his proposed third-party complaint that the original sprayer has been sold by Schindler. Doc. #21-1 at 4.

Zepponi argues that "the presence of the third-party defendant is required for the granting of complete relief on Plaintiff's claim against Defendants." Doc. #21.

*Law and Analysis*

The purpose of Fed. R. Civ. P. 14 is to avoid duplication of suits and to promote efficiency of litigation. § 1443 Discretion of the Court, 6 Fed. Prac. & Proc. Civ. § 1443 (3d ed.). However, if a defendant wishes to file a third-party complaint more than fourteen (14) days after serving its response to the complaint, the putative third-party plaintiff must, by motion, obtain the court's leave. Fed. R. Civ. P. 14 (a)(1).

A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is dependent on the outcome of the main claim or when the third party may be secondarily liable to the defending party for a part of or all of any potential judgement against the defendant in favor of the plaintiff. *Allstate Ins. Co. v. Scarbrough*, No. 3:15CV00114-M-A, 2016 WL 10588006, at 4 (N.D. Miss. Nov. 7, 2016)(citing *Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975).

Here, defendant alleges that the putative third-party defendants are secondarily liable to him for the full amount of any judgement rendered against him in favor of the plaintiff due to the alleged breach of contract/conversion of defendant.

In the interest of efficiency, and the Court, having found that the claims are sufficiently derivative; that joinder will not substantially complicate this litigation; and that the motion is unopposed by the plaintiff, hereby orders the following:

1. The [27] Third Party Complaint is STRICKEN as improper, as it was filed without leave of court, in violation of Fed. R. Civ. P. 14(a)(1).
2. The [21] amended motion for joinder of the third-party defendants is GRANTED;
3. The [18] motion for joinder is rendered moot and shall be TERMINATED;

4. Charles Schindler, II, Delta Southern Chemical Co., and Southern Gulf Coast Fuel, LLC SHALL be made parties to this action as a third-party defendants;

5. The defendant SHALL separately docket the [21-1] proposed third-party complaint, bearing the title "Third-Party Complaint," and ensure the attachment of any exhibits referenced therein, within two (2) business days of today's date.

6. The defendant SHALL serve the third-party defendants with summons and copy of the above-referenced third-party complaint, together with copies of all pleadings heretofore filed in this action, within thirty (30) days hereof.

7. Third-party defendants SHALL have twenty-one (21) days thereafter within which to respond.

SO ORDERED this, February 27, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE